# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE OWENS a/k/a ORVILLE OWEN a/k/a ALPHEOUS E. GORDON, <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY JAIL, et al., <br><br> Defendants. | CASE NO. 1:07-cv-01555-LJO-GSA PC <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM <br><br> (Doc. 1) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Orville Owens is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, now a federal prisoner in Colorado, filed this action while he was in federal custody awaiting trial at the Fresno County Jail ("FCJ").

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Plaintiff's Claim**

    **A.    Summary of Complaint**

On March 19, 2007, the District Court for the Eastern District of California ordered the Fresno County Jail to provide Plaintiff a kosher food diet while he awaited federal trial there. Initially, FCJ included a tea bag as part of some or all of Plaintiff's kosher meals until July 2007, when it determined that tea bags were not among the items listed for inclusion on kosher meal trays. Thereafter, FCJ provided other beverages. Plaintiff contends that, by discontinuing tea bags, the jail and the sheriff's department violated his due process rights by disobeying the

federal court order and demands compensatory and punitive damages.

Plaintiff names as defendants the Fresno County Jail, the Fresno County Sheriff's Department which staffs the jail, Mr. Davis, Mr. Stith, Sgt. Thompson, Terry Ashmore, and Sgt. Shagen. Plaintiff does not further identify the individual Defendants or their respective roles in this dispute.

### B.    Due Process Claim

Nothing in the court order directed the FCJ to provide Plaintiff with tea bags or otherwise addressed what food(s) were to be provided as part of a kosher food diet. Accordingly, Plaintiff's argument that FCJ's withdrawing of tea bags from kosher meal trays violates the court order, and consequently the due process clause, has no merit.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "[S]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state laws are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (*citations omitted*). The provision of tea bags is not a liberty interest, and, even if it were, the cessation of tea bag service cannot be said the impose atypical or significant hardship.

### III.    Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the Court hereby recommends that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file

1  written objections with the Court.  The document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations."  Plaintiff is advised that, by failing to file objections
3  within the specified time, he may waive the right to appeal the District Court's order.  <u>Martinez</u>
4  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  Dated:  **June 9, 2009**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE